**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re

| | |
|---|---|
| Michele Lisa Miller, | Case No. 10-31123-KRH |
| 13115 Densmore Place | Chapter 13 |
| Richmond, VA 23233 | |
| SSN: xxx-xx-8254 | |

Debtor(s).

**NOTICE OF OBJECTION**

    PLEASE TAKE NOTICE THAT the United States Trustee has filed with the Court an Objection of The United States Trustee To Application For Supplemental Compensation Of Attorney For Debtor(s) (the "Objection") in the above-captioned case.

    **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) Under Local Bankruptcy rule 9013-1, unless a written response to the Objection is filed with the Clerk of Court and served on the moving party before the scheduled hearing date, the Court may deem any opposition waived, treat the Objection as conceded, and issue an order sustaining the Objection.**

    PLEASE TAKE FURTHER NOTICE that on **January 7, 2015 at 12:00 p.m**..(or such time thereafter as the mater may be heard) the undersigned will appear before the Honorable Kevin R. Huennekens., United States Bankruptcy Judge, in Room 5000 of the United States Bankruptcy Court, 701 East Broad Street, Richmond, Virginia 23219, and will move the Court for entry of an order sustaining the Objection.

    If you do not want the Court to sustain the Objection or if you want the Court to consider your views on the Objection, then before the scheduled hearing date, you or your attorney must:

> ( X ) File with the Court, at the address below, a written response pursuant to Local Bankruptcy Rule 9013-1. You must mail or otherwise file it early enough so the Court will **receive** it on or before the date stated above.

> Clerk of Court
> United States Bankruptcy Court
> 701 East Broad Street – Suite 4000
> Richmond, Virginia 23219

    You must also mail a copy to:

---

Robert B. Van Arsdale, AUST (Va. Bar No. 17483)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

                Robert B. Van Arsdale, Esq., AUST
                Office of the United States Trustee
                701 East Broad Street - Suite 4304
                Richmond, VA 23219

( X )   Attend the scheduled hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order sustaining the Objection.

                Judy A. Robbins
                United States Trustee
                Region Four

            By  /s/ Robert B. Van Arsdale
                Robert B. Van Arsdale, Esq., AUST
                Shannon Pecoraro, Esq.
                Office of the United States Trustee
                701 East Broad Street, Suite 4304
                Richmond, VA 23219
                Telephone (804) 771-2310
                Facsimile (704) 771-2330

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2014, a true copy of the foregoing was served via electronic delivery and/or first class mail, postage prepaid, to the following parties at the addresses listed below.

Suzanne Wade
P.O. Box 1780
Richmond, VA 23218-1780

Lee Robert Arzt
6802 Paragon Place
Suite 220
Richmond, VA 23230

Michele Lisa Miller
13115 Densmore Place
Richmond, VA 23233

            /s/Robert B. Van Arsdale
              Robert B. Van Arsdale

---

Robert B. Van Arsdale, AUST (Va. Bar No. 17483)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re:

Michele Lisa Miller,                                    Case No. 10-31123-KRH
                                                        Chapter 13
               Debtor.

**OBJECTION OF THE UNITED STATES TRUSTEE**
**TO APPLICATION FOR SUPPLEMENTAL COMPENSATION**
**OF ATTORNEY FOR DEBTOR(S)**

   Judy A. Robbins, the United States Trustee for the Eastern District of Virginia (the AU.S. Trustee"), through the undersigned counsel and pursuant to § 330 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 2016 of the Bankruptcy Rules of the Federal Rules of Bankruptcy Procedure (the "Rules" and each a "Rule"), Local Rule 2016-1, and Standing Order 14-4 hereby objects to Application For Supplemental Compensation Of Attorney For Debtor(s) (the "Application") of Lee Robert Arzt, Esquire, (the "Applicant") and in support thereof, states as follows:

   1.  On or about February 19, 2010 (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

   2.  Robert E. Hyman was originally designated as trustee, but as of December 21, 2014, Suzanne Wade (the "Chapter 13 Trustee") serves as Trustee in this case.

   3.  On or about December 11, 2014, the Applicant filed the Application seeking an award of fees in the amount of $11,700.00, over and above the $2,500.00 paid through the Chapter 13 plan.

   4.  This is the first supplemental application for fees filed in this case.

---

Robert B. Van Arsdale, AUST (Va. Bar No. 17483)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

5. Bankruptcy Code § 330(a)(4)(B) provides that "[i]n a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case on a consideration of the benefit and necessity of such services to the debtor and other factors set forth in [§ 330]." 11 U.S.C. § 330(a)(4)(B) (2014).

6. Bankruptcy Code § 330(a)(3) provides, in pertinent part, that the Court in determining "reasonable compensation" to be awarded shall consider the nature, extent and value of the services, factoring in all relevant factors, including: a) time spent, b) rates charged, c) whether the services were necessary to the administration or beneficial toward the completion of the case, d) whether the services were performed within a reasonable time (based on the complexity, importance, and nature of the issue, and e) whether the compensation is reasonable based on customary compensation charged by comparably skilled practitioners. 11 U.S.C. § 330(a)(3) (2014).

7. Rule 2016 provides that any entity seeking compensation for services or reimbursement of necessary expenses shall file an application including a "detailed statement" of a) services rendered, b) time expended c) expenses incurred, and d) amounts requested.

8. Standing Order Number 14-4 provides that applications for compensation must comply with Rule 2016 and Local Rule 2016-1.

9. Exhibit 1 to Standing Order Number 14-4 provides procedural requirements and policy statements for the submission of fee applications in cases filed on or after October 17, 2005.

10. The Application does not comply with Rule 2016, Local Rule 2016-1 or Standing Order 14-4.

11. Specifically, the Application, a) does not show detailed contemporaneous time records from the beginning of the case for each discrete activity, the date, time expended and

identity of the attorney or paralegal providing the service, b) does not state whether approval will reduce the dividend being paid on unsecured claims and, if so, whether the debtor consents to an extension of the plan term or an increase in plan payments.

12. The Application appears to include "block billing," time for secretarial or administrative work billed at attorney rates, and vague entries.

13. An example of block billing is found in the entry of 5/27/14, "2.8 Review entire financial situation and draft letter to Chapter 13 Trustee." These are actual two distinct activities which should be accounted for separately.

14. An example of billing for secretarial or administrative time is found in the entry of 7/29/14, "0.2 Emailed revised agreement to Chapter 13 Trustee." This activity does not require any legal thought at all and should not be billed at the full legal rate.

15. An example of a vague entry is found in the entry of 11/12/14, " 0.1 Telecon with client." Without knowing what this telephone call was about, it is not possible to judge whether this charge is even compensable.

16. The Application does not include all time records since inception to demonstrate that the "no look" fee has been fully earned.

17. There are entries which appear to be excessive, including but not limited to, travel time to Court of two (2) hours when the Applicant is located in Richmond.

18. Generally, the amount sought by the Applicant seems excessive.

WHEREFORE, the U.S. Trustee requests that this Court deny the Application and for such other and further relief as is just.

       Respectfully requested

       JUDY A. ROBBINS
       United States Trustee
       Region 4


     By /s/ Robert B. Van Arsdale
       Robert B. Van Arsdale
       Assistant U.S. Trustee

## **CERTIFICATION OF SERVICE**

  I, the undersigned, do hereby certify that on December 31, 2014, a true copy of the foregoing was served via electronic delivery and/or first class mail, postage prepaid, to the following parties at the addresses below:


Suzanne Wade
P.O. Box 1780
Richmond, VA 23218-1780

Lee Robert Arzt
6802 Paragon Place
Suite 220
Richmond, VA 23230

Michele Lisa Miller
13115 Densmore Place
Richmond, VA 23233


       /s/ Robert B. Van Arsdale
       Robert B. Van Arsdale, Esq., AUST
       Office of the United States Trustee
       701 East Broad Street, Suite 4304
       Richmond, VA 23219
       Telephone (804) 771-2310
       Facsimile (804) 771-2330